151 So. 76

**PRUDENTIAL INS. CO. OF AMERICA v. GUILLORY.**

No. 32264.

Oct. 30, 1933.

Rehearing Denied Nov. 27, 1933.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Melvin F. Johnson, of Shreveport, and L. L. Perrault, of Opelousas, for appellee.

ROGERS, Justice.

This suit involves a contest between two mortgage creditors of Mrs. Armide Guillory over the proceeds of the sale of the mortgaged property.

In February, 1926, Mrs. Armide Guillory, styling herself as the widow of Mentor Dupre, mortgaged her property to the Prudential Insurance Company of America to secure a loan of $3,000.

On February 11, 1930, Mrs. Guillory executed a mortgage on the same property in favor of the Opelousas-St. Landry Bank & Trust Company to secure her two notes amounting to $1,445.25, with 8 per cent. per annum interest and 10 per cent. attorney fees.

The mortgagor failed to pay at its maturity the note secured by the first mortgage, and the Prudential Insurance Company of America, the holder of the note, foreclosed the mortgage. At the foreclosure sale, the property was adjudicated to the plaintiff insurance company for $2,150.

On the day of the sale, Mrs. Guillory opposed the proceeding, alleging that the mortgaged property was her homestead, and claimed $2,000 out of the proceeds in satisfaction of her alleged homestead rights.

The Opelousas-St. Landry Bank & Trust Company, holder of the second mortgage note,

also opposed the sale, claiming priority of payment over the first mortgage creditor.

The Prudential Insurance Company of America excepted to the opposition of Mrs. Guillory on the ground that the opposition failed to set forth a right or cause of action. The court below maintained the exception, and on appeal to this court, the judgment was affirmed. See Prudential Ins. Co. of America v. Guillory, 175 La. 1058, 145 So. 6.

The Prudential Insurance Company of America answered the opposition of the Opelousas-St. Landry Bank & Trust Company, and the opposition was tried on its merits on September 15, 1931, argued and submitted on November 6, 1931, and decided in favor of the plaintiff insurance company on December 18, 1931. From the judgment dismissing its opposition, the Opelousas-St. Landry Bank & Trust Company appealed devolutively on December 14, 1932, and the transcript was filed on February 18, 1933.

This court rejected the demand of Mrs. Guillory, because it found that she had not brought herself within any of the classes of persons entitled to a homestead exemption under the constitution (Const. 1921, art. 11, § 1).

The Opelousas-St. Landry Bank & Trust Company contends that the homestead waiver of Mrs. Guillory contained in the act of mortgage to the Prudential Insurance Company of America is invalid, and that by reason of the valid waiver of Mrs. Guillory and Rosemond Soileau, who was her husband at the time, contained in the act of mortgage in its favor, opponent is entitled to be paid up to $2,000, the amount of the homestead exemption, by preference over the plaintiff insurance company.

We held on the opposition of Mrs. Guillory that she was not the head of a family composed of herself and her alleged foster children, Mary Joy Carroll and Quinton Carroll. We also held neither her foster children nor her fifty year old insane son, Horace Dupre, were dependents within the contemplation of the homestead laws.

The evidence in this case shows that during the lifetime of Mentor Dupre, the second husband of Mrs. Armide Guillory, at the request of their parish priest, Mrs. Guillory received into her home two orphan children, a boy and a girl, from an asylum in New York. The boy at the time of the trial was approximately twenty-eight years old. He was engaged in farming, not only supporting himself, but also contributing something towards the support of his foster mother. The girl at the time of the trial was approximately the same age as the boy. She was married some years prior thereto to Charles Carroll. Three children were born of this marriage, of whom, Mary Joy Carroll was one. Except for brief absences, Mary Joy Carroll has lived with Mrs. Guillory, in whose home she was born. Several years ago, Carroll and his wife separated. He is a carpenter by trade and lives at DeRidder, La. Mrs. Carroll has resided in the city of Opelousas for several years, and supports herself and her two other children, one of whom is apparently the minor Quinton Carroll to whom reference was made in the opposition of Mrs. Guillory.

The Opelousas-St. Landry Bank & Trust Company contends here that Mrs. Armide Guillory is entitled to a homestead exemption

because she is the head of a family composed of her fifty year old son, Horace Dupre, issue of her first marriage with Paulastrom Dupre, who, since the year 1924, has been confined in a state hospital for the insane in Texas.

It is not clear from the evidence in the record whether Horace Dupre ever lived with his mother. But, be that as it may, the evidence does show that he was married about the year 1917. For several years prior to his marriage and for some time thereafter he earned his living as a farmer. Later he pursued the trade of barber in the town of Jennings. He left Louisiana for Texas, taking up his residence in the city of El Paso where he was residing at the time he was sent to the state hospital at San Antonio.

Thus it appears that Horace Dupre, himself, a number of years before his mother granted the mortgages to the plaintiff insurance company and the opponent bank, founded a family of which, under the law, he became the head. He is being well cared for at public expense, and his mother has never been called upon to contribute to his support, nor has she done so.

██ Under the facts disclosed by the record, if the issue were presented, we might question seriously the right of Mrs. Armide Guillory to be considered as the head of a family composed of herself and her son, Horace Dupre. But the Opelousas-St. Landry

Bank & Trust Company has not so alleged, although it is earnestly argued on its behalf that such is the case.

The bank's opposition is contained in an original petition and a supplemental petition. Opponent alleges in its original petition that Mrs. Guillory is the head of a family composed of herself and her dependent Mary Joy Carroll. That issue was disposed of in the prior suit between the insurance company and Mrs. Guillory, and the opponent bank makes no question of it in this suit.

The only reference to Horace Dupre appears in the bank's supplemental petition, wherein the sole claim made on his account is, that he is, in contemplation of law, not actually, a dependent of his mother, Mrs. Guillory, and that "his dependency may at any time become quite burdensome." No claim whatever is made by opponent that Mrs. Guillory is the head of a family composed of herself and her fifty year old, married son, Horace Dupre.

The court is not authorized to determine issues presented in argument only and not raised by the pleadings. While pleadings may be enlarged by evidence, admitted without objection, in this case the parties offered their evidence for the clear purpose of adhering to the pleadings and not for the purpose of enlarging them.

For the reasons assigned, the judgment appealed from is affirmed.